## STATE BANK EX PARTE.

A judge of the circuit court has no authority in vacation to make an order of allowance to a sheriff for services, on presentation of his account—the order is invalid.

A fee bill, when properly made out and authenticated, has the force of a judgment.

Where the fees are fixed by law, the clerk must examine the charges, and if correct, so certify, and the certificate is equivalent to an execution.

Where the sheriff charges extra compensation for taking care of property seized. the court must make the allowance which, when made, is to be taxed as costs, and collected with other costs.

It is the duty of the court to examine the charges, and if proper, to allow them.

Where a fee bill has not been examined in the manner pointed out by law, its execution will be superseded. *Caldwell Ex parte*, ante, cited.

THIS was a petition for supersedeas to suspend the execution of a fee bill from Phillips county, directed to the sheriff of Pulaski county. The facts are sufficiently stated in the opinion of the court.

*Hempstead*, for the petition.

*Ashley & Watkins*, contra.

*By the Court*, LACY, J.   The Bank of the State of Arkansas has applied to this court, to supersede a paper in the hands of the sheriff of the county of Pulaski, and which he is about to levy, purporting to be an execution as a fee bill in favor of Miller Irvin, against the corporation.   The application is founded on a petition, to which is attached an exhibit, by which these facts are presented and verified: That Miller Irvin, as sheriff of the county of Phillips, filed his account as a fee bill against the bank for services rendered in two suits of attachment, amounting to the sum of one thousand seven hundred and seventy-two dollars sixty-three cents; and upon the back of this account the judge of that circuit, in vacation, endorsed that he had audited and allowed this fee bill, and that Miller Irvin was entitled to judgment.   This order is signed by him, as judge; and the clerk of the Phillips circuit court certifies it to be a true copy from the original on file in his office.

The first question for our decision is, has the supreme court authority to award a supersedeas in the case now under consideration?   We have no doubt upon the question of power.   By the constitution, we possess the power to issue writs of supersedeas, as an original, independent remedy, whenever the party applying for it shows that he is justly entitled to its benefit.   And the doctrine is so laid down in the case of *Caldwell Ex parte*, decided at the present term.   The court, in that case, remarked, that we have power to award a supersedeas, where an inferior court has exceeded its jurisdiction, or when it has no jurisdiction, or where the process is void.   It is perfectly self-evident, that this entry is no judgment at all.   We know of no principle either at common law, or by statute, authorizing a judge, in vacation, to enter up judgment.   The judge had no authority to make such an

order, and it is of no validity whatever when made. It has not a single requisite of a valid judgment, and it wants not only its solemnity and sanctity, but even its form and shadow. It is nothing more nor less than the certificate of a judge, in vacation, that the account presented by the sheriff against the bank was, in his opinion, correct, and ought to be allowed. A fee bill, when properly made out and authenticated, has the force and effect of an execution. See *Rev. St. sec.* 32, *p.* 400. *Acts Gen'l Assembly*, 1842. Where the fees are fixed by law, the statute requires the clerk of the court, in which the services were rendered, to examine the charges, and if found correct, he shall so certify, and this certificate is equivalent to an execution. Where the sheriff charges for extra services rendered in taking care of, and preserving the property seized in execution, the statute requires the judge, while sitting in term time, as a court, to make a proper allowance, and this allowance, when so made, becomes a legal taxation of so much of the cost in the cause, and is collectable as other cost. If the law fixes the charge, then the clerk's certificate of its correctness in taxing up the costs, gives to the fee bill the force and effect of a judgment. Where extra services are rendered, it is the duty of the court to examine into their legality and correctness, and if properly charged, he makes the allowance. In the present instance, neither of these modes was pursued, nor any other, warranted by law. The supersedeas is, therefore, directed to be issued, agreeably to the prayer of the petitioner.